Stone, J.
These cases were argued and submitted in connection with the preceding case of Upington v. Oviatt. With one or two exceptions, the effect of which is to be here considered, the objections taken to the proceedings of the city council, resulting in the assessments now in question, are similar to those insisted upon in that case, and present questions not, in principle, to be distinguished from those there considered and decided.
Of the irregularities in the proceedings of the council, now insisted upon in argument, one, quite as important as any other, is common to both these cases. In neither were the requirements of the statute, relating to advertising for proposals for doing the work, literally, or, in our judgment, substantially, complied with. In the first case, the *252 notice was published only three, instead of four weeks, as required by law. In the second case, the published notice referred to the plans and specifications, and gave no information otherwise in relation to the character or extent ■of the work; and, although this notice was published four weeks prior to March 28th, when, the bids were to be opened and the contract awarded, no plans or specifications were prepared, nor was the character of the proposed improvement fixed by ordinance, until the 7th of the same month, and only, twenty-one days prior to the expiration of the time within which bids were to be and were received.
In both these cases, however, the assessments were made "to pay expenses actually incurred in the improvement of the respective streets; and in both, the improvements were made in pursuance of ordinances which prescribed the character of the improvement, and provided for charging the expense thereof upon the adjoining lots. These ordinances were, in both cases, adopted by the council and ■duly published before the work was done or the contracts let.
While, therefore, the city council failed to so comply with the provisions of the statute as to give to the assessments subsequently made conclusive legal effect, they were nevertheless permitted without interference, and, so far as ■appears, without objection, on the part of adjoining lot-owners, to proceed to let the contracts and procure the work to be done. And the work having been done, and the contemplated improvements made, new relations between the- parties arose. Under the provisions of sections 550 and 551 of the municipal code, each of the adjoining lot-owners become liable for his just proportion of the necessary expense of the improvement, and to that extent the ■assessment made in pursuance of the ordinance under which the work was done, became enforcible as a legal -charge against the property of each.
It is not claimed that the expense in these cases actually incurred in making the respective improvements *253 are not justly and ratably charged upon the abutting lots, as authorized by the law, or that any property subject to-assessment has been omitted. Nor does it appear that the expense of the work thus in each case charged upon the adjoining property exceeds the reasonable cost or value of the improvement, or that the plaintiffs have in that respect been prej udiced by the failure of the city, in any of the particulars complained of, strictly to conform to the provisions of the statute.
In these circumstances, except to restrain the collection of the penalty, no ground is presented for the interference-of a court of equity.
The act of May 1, 1856 (S. & C. 1151), gives to the courts jurisdiction to restrain the collection of taxes illegally assessed; but the jurisdiction- thus conferred is an equitable jurisdiction, and is to be exercised upon equitable principles. Proceeding under the statute, the party complaining is not required to show a case of threatened irreparable injury, or the absence of a remedy by ordinary legal proceedings; but he must exhibit a case in which, upon the merits, he is entitled to the equitable relief demanded.
In these cases, notwithstanding the irregularities complained of, the plaintiffs’ property was, under the statute, clearly subject to be charged to pay the expense of the respective improvements. The assessments were made by competent authority, and, although irregularly made, it does not appear that any injustice was done.
The assessment in the second case being made payable in deferred installments, interest on such installments to the time they respectively became due was, we think, properly included in the aggregate amount assessed. The assessments represented the fund applicable to the payment of the expense of the improvement. It was in the discretion of the city council to make the aggregate amount thus charged upon the adjoining property payable in deferred installments, and to provide, as was done in this case, for the payment of the cost of the improvement, by issuing *254 the bonds of the city, in anticipation, of the collection of the assessment. Municipal Code, sec. 665.
The money collected upon the assessment is to be applied to pay the bonds thus issued, and to no other purpose. In such case, interest upon the deferred installments to the time they respectively became due, at the rate necessary to meet the interest accruing on the bonds, becomes a necessary part of the expenditure pertaining to the improvement.
For the reasons stated in Upington’s ease, the judgment of the District Court in these cases will be reversed, and judgment entered in each case perpetually enjoining the collection of the penalty charged upon the respective assessments. The injunctions heretofore granted, in so far as they restrain the collection of th’e assessments, exclusive of the penalty, will be dissolved.

Judgment accordingly.

Day, C. J., MoIlvaine, Welch, and White, JJ., concurring.